UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEHRA WAHEED,

                Plaintiff,

-against-

MLMIC INSURANCE COMPANY, et al.,

                Defendants.

25-CV-6504 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff seeks a waiver from paying Public Access to Court Electronic Records ("PACER") access fees. She also seeks permission to file her documents electronically. For the following reasons, the Court denies both motions.

## DISCUSSION

**A.     Motion for exemption from PACER fees**

The Judicial Conference of the United States has issued a fee schedule that sets the price for accessing PACER. *See* Electronic Public Access Fee Schedule, Effective January 1, 2020 (Fee Schedule), http://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule.[1] Paragraph 8 of the Fee Schedule lists the automatic fee exemptions:

- No fee is owed for electronic access to court data or audio files via PACER until an account holder accrues charges of more than $30.00 in a quarterly billing cycle.

- Parties in a case (including *pro se* litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the filer.

- No fee is charged for access to judicial opinions.

- No fee is charged for viewing case information or documents at courthouse public access terminals.

---

[1] https://perma.cc/SJ95-6MJG.

- No fee is charged for Chapter 13 bankruptcy trustees to download quarterly (i.e., once every 90 days) a list of the trustee's cases from the PACER Case Locator.

*Id.*

The Fee Schedule also permits courts to grant additional, discretionary exemptions under limited circumstances. Fee Schedule ¶ 9. A party seeking a discretionary exemption cannot solely rely on her IFP status alone. *Id.*; *see also Oliva v. Brookwood Coram I, LLC*, No. 14-CV-2513, 2015 WL 1966357, at *1-2 (E.D.N.Y. Apr. 30, 2015) ("[A] party seeking a discretionary exemption [of PACER fees] cannot rely on his [IFP] status alone.") (quotations and citations omitted)). Instead, the party must demonstrate that an exemption beyond the automatic exemptions "is necessary . . . to avoid unreasonable burdens and to promote public access to information." *Id.* (quoting *Mallgreen v. Parties in this Petition*, No. 13-CV-3660 (LAP) (S.D.N.Y. Aug. 1, 2013)).

Under the automatic exemptions, and as a *pro se* litigant, Plaintiff is entitled to one free electronic copy of all documents filed electronically in her case. Aside from noting her IFP status, Plaintiff alleges no facts suggesting that she will suffer an unreasonable burden without free access to PACER, or that she needs free access to PACER to obtain information about this case.

B.   **Motion for permission for electronic case filing**

Plaintiff seeks permission to file documents electronically. The Court denies this motion because Plaintiff indicates in her motion for an exemption of PACER fees that PACER barred her from accessing her account because her account carries a balance. (See ECF 21) ("Plaintiff's access to the PACER system is currently blocked due to a previously owed balance."). Because Plaintiff cannot access her PACER account, she cannot participate in electronic case filing.

Plaintiff may reapply for permission once she can demonstrate that she can access her PACER account.

## CONCLUSION

The Court denies Plaintiff's motion for an exemption from payment of PACER fees (ECF 21) without prejudice to renewal should there be a demonstrable need in the future for waiver of the PACER fees. The Court also denies Plaintiff's motion to participate in electronic case filing (ECF 5) without prejudice to renewal should Plaintiff demonstrate that she can file documents using her PACER account. The Court directs the Clerk of Court to terminate these motions. SO ORDERED.

Dated:  September 8, 2025
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge