UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEHRA WAHEED,

                Plaintiff,

-against-

MLMIC INSURANCE COMPANY, et al.,

                Defendants.

25-CV-6504 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP") filed a motion asking for a correction on the court docket because of a clerical error and for reconsideration of the Court's decision to deny her motion seeking (1) the issuance of summonses and service by the U.S. Marshals and (2) an fee-exemption from Public Access to Court Records ("PACER"). For the following reasons, the Court grants in part and denies in part her motion.

## DISCUSSION

      The Court grants Plaintiff's request for a correction on the court docket. Plaintiff asks that the Clerk of Court strike documents requesting a preliminary injunctive relief because she did not seek this relief in this action. Reviewing the docket sheet for Plaintiff's case, the Court agrees that the entry at ECF 17, titled "Temporary Restraining Order," is captioned for Plaintiff's other case and therefore should not be docketed in this case. The Court therefore directs the Clerk of Court to strike ECF 17 from this action.

      The Court denies Plaintiff's request for reconsideration of its decision to deny her request for the issuance of summonses and service by the U.S. Marshals. Because Plaintiff is proceeding IFP, this action is subject to the IFP statute's screening provision under Section 1915(e)(2)(B). Thus, before summonses are issued in this case, the district court must determine whether the

action shall be dismissed (1) as frivolous or malicious, (2) for failure to state a claim, or (3) because the action seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Should the court determine that the action should not be dismissed under the IFP statute, then the assigned district court judge may issue an order directing the Clerk of Court to issue summonses and direct the U.S. Marshals to effect service. Accordingly, the Court denies Plaintiff's request for reconsideration of its decision to deny her request for service of the complaint and summonses on the defendants.

Finally, the Court grants in part Plaintiff's motion for reconsideration of its decision to deny her an exemption from PACER fees. The Court finds that Plaintiff, who is proceeding in this action without counsel and IFP, falls within the class of users listed in the fee schedule as being eligible for a fee exemption. Plaintiff alleges that she "is not only unemployed with no income, but she is also subject to an imminent eviction from her home." (ECF 27, at 4.) The Court therefore finds that she lacks the financial means to afford the ongoing access to court documents that she believes is necessary to properly litigate this case. Accordingly, as Plaintiff has demonstrated that an exemption is necessary to avoid unreasonable burdens and to promote public access to information, Plaintiff shall be exempt from the payment of all future fees for access via PACER to the electronic case files maintained by this court for case number 25-CV-6504 (LTS), in which she is the plaintiff.

The Court denies Plaintiff's request for a waiver of her past-due PACER balance for activity unrelated to this action. This past due amount did not accrue in this action. Plaintiff may address her past-due PACER balance with PACER.

## CONCLUSION

The Court grants in part and denies in part Plaintiff's motion for reconsideration (ECF 27.) First, the Court grants Plaintiff's request to strike ECF 17 from the docket and directs the

Clerk of Court to strike this document. Second, the Court denies Plaintiff's request for the issuance of summonses and service by the U.S. Marshals, for the reasons stated in this order. Third, the Court grants Plaintiff's request for an exemption of future PACER fees for this action.

Plaintiff shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system in this court. Additionally, the following limitations apply:

1. This fee exemption applies only to Plaintiff Sehra Waheed and is valid only for the purposes stated above;

2. This fee exemption applies only to the electronic case files of this court that are available through the PACER system;

3. By accepting this exemption, Plaintiff agrees not to sell for profit any data obtained as a result of receiving this exemption;

4. Plaintiff is prohibited from transferring any data obtained as a result of receiving this exemption, including redistribution via internet-based databases; and

5. This exemption is valid retroactively from August 4, 2025, the date Plaintiff filed this action, throughout the litigation of this action.

This exemption may be revoked at the discretion of the Court at any time.

A copy of this order shall be sent to the PACER Service Center.

Finally, the Court denies Plaintiff's request for a waiver for her past-due PACER balance with PACER, for activity unrelated to this action. Plaintiff may address her past-due PACER balance with PACER.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  September 15, 2025
        New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                        Chief United States District Judge