UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEHRA WAHEED,

                Plaintiff,

-against-

MLMIC INSURANCE COMPANY; SONIA KIM; MICHAEL TERRANI; GARDEN OBGYN OF EAST 67TH STREET; BETHPAGE MEDICAL, PLLC, d/b/a GARDEN OBGYN,

                Defendants.

25-CV-6504 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff Sehra Waheed, who is proceeding *pro se*, bring this action invoking the Court's federal question jurisdiction. She asserts claims under the Americans with Disabilities Act ("ADA") and the Fair Housing Act ("FHA"). She names as defendants New York insurance company, MLMIC Insurance Company ("MLMIC"); her New York doctor, Dr. Sonia Kim; and a New Jersey doctor, Dr. Michael Terrani, who conducts business at Defendant Garden OBGYN of East 67th Street ("Garden OBGYN"), located in New York County, and Defendant Bethpage Medical, PLLC ("Bethpage Medical"), also located in New York County.

    On August 29, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). On October 3, 2025, Plaintiff filed a motion for a temporary restraining order. On October 17, 2025, this action was assigned to the undersigned.

    As set forth in this order, the Court dismisses the complaint, denies Plaintiff's request for preliminary injunctive relief, and declines to exercise supplemental jurisdiction of Plaintiff's state law claims.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

This action concerns Plaintiff's assertion that Defendant MLMIC, Dr. Kim's insurer, violated the ADA and the FHA by not providing Plaintiff money to pay her rent after Plaintiff sustained injuries following a medical procedure performed by Dr. Kim. The following facts are drawn from the complaint.[1]

"On July 26, 2018, Plaintiff underwent an outpatient [h]ysteroscopy . . . performed by Dr. Sonia Kim . . . at Garden OBGYN Practice." (ECF 1 ¶ 1.) Plaintiff suffered complications during and following the procedure, and consequently, in April 2019, filed a medical malpractice action in New York Supreme Court, New York County against Dr. Kim, Garden OBGYN, Bethpage Medical, and MLMIC.

> For seven years, MLMIC engaged in repeated discovery abuse, dilatory tactics, and frivolous motions to deprive Plaintiff of her day in court and her right to a fair

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

settlement. MLMIC had clear notice of liability, knowable severe damages far exceeding policy limits, and multiple opportunities to settle within policy limits.

(*Id.* ¶ 14.)

Plaintiff contends that "[a]s a result of MLMIC's bad faith, Plaintiff lost the opportunity to settle, incurred mounting legal and medical expenses, past due bills, faced eviction due to lack of interim rent payments, and suffered additional emotional and substantial financial harm including tax garnishment." (*Id.* ¶ 15.) She further contends that she "continue[s] to suffer and now being deprived of her basic inherent right to live in peace by Defendant's intentional harmful wrongful acts." (*Id.* ¶ 17.)

Plaintiff asserts claims under the ADA and the FHA: (1) "MLMIC's failure to provide reasonable housing accommodations—including direct interim rent payments—denied Plaintiff meaningful access to benefits and services, causing discrimination and imminent homelessness," (*id.* at 7); and (2) "MLMIC's refusal to accommodate Plaintiff's disability-related financial constraints by funding interim rent payments constitutes a discriminatory refusal to make reasonable accommodations," *id.* at 8). Plaintiff also invokes the Court's supplemental jurisdiction and brings state law claims of medical malpractice and "insurance bad faith." (*Id.* at 10.)

Plaintiff seeks declaratory relief regarding MLMIC's alleged "bad faith by refusing to settle" and its alleged "breach [of] its duty to defense and indemnify Dr. Kim[.]" (*Id.* at 9.) She also seeks "reasonable accommodations, including interim rent payments." (*Id.* at 12.)

## DISCUSSION

A.  **Americans with Disabilities Act**

Plaintiff invokes the ADA as a basis for her claims. The ADA consists of three parts: Title I, 42 U.S.C. § 12111 *et seq.*, which prohibits discrimination in employment; Title II, 42

3

U.S.C. § 12131 *et seq.*, which prohibits discrimination by public entities, such as state and local governments; and Title III, 42 U.S.C. § 12181 *et seq.*, which prohibits discrimination in access to public accommodations operated by private entities. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001). With respect to Title III of the ADA, public accommodations include an "insurance office" and a "professional office of a health care provider." 42 U.S.C. § 12181(7)(F).

Plaintiff's claims do not arise under the ADA because they do not concern her attempt to access a public accommodation. Plaintiff does not allege that MLMIC, Garden OBGYN, or Bethpage Medical operated a public office and failed to accommodate her disability at their respective locations. Rather, Plaintiff claims that she is entitled to rental payments, which she describes as "reasonable . . . accommodations," because of Defendants' alleged conduct during and immediately following her medical procedure, as well as during the subsequent litigation, all of which are unrelated to accessing a public accommodation. Any demand for rental payments from Defendants arises from Plaintiff's underlying state law claims and does not form a basis for a separate ADA claim. Accordingly, the Court dismisses Plaintiff's ADA claim for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.   Fair Housing Act**

Plaintiff's claims also do not arise under the FHA. The FHA "broadly prohibits discrimination in housing," *Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979), based on an individual's race, color, religion, sex, familial status, national origin, or disability, 42 U.S.C. § 3604(a), (f)(1). Generally, to state a claim of intentional discrimination under the FHA, a plaintiff must allege facts showing that (1) she is a member of class of individuals protected under the FHA; (2) she suffered "adverse treatment"; and (3) the defendant discriminated against her based on her protected classification. *Palmer v. Fannie Mae*, 755 F. App'x 43, 45 (2d Cir.

2018) (summary order) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (internal quotation marks omitted)).

Plaintiff's allegations do not concern discrimination in housing or involve an entity or individual, such as a landlord, who discriminated against her in her housing because of her disability. Rather, she seeks rental payments as compensation for Defendants' alleged conduct. Because Plaintiff's complaint does not concern housing discrimination, she cannot state a claim under the FHA. The Court therefore dismisses Plaintiff's FHA claims on this basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C. **Preliminary Injunctive Relief**

Plaintiff has filed a motion for a temporary injunction and an order for rental payments. To obtain such relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Because the Court dismisses this action for failure to state a claim, Plaintiff cannot show a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Accordingly, the motion is denied.

D. **Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

E.     **Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint shows that she cannot state a claim under the ADA and the FHA. Because these defects cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

Plaintiffs' complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court denies Plaintiff's motion for a temporary restraining order (ECF 33) and directs the Clerk of Court to terminate this motion.

The Court declines to exercise supplemental jurisdiction of Plaintiff's state law claims.

The Court directs the Clerk of Court to enter a civil judgment in this action.

SO ORDERED.

Dated:   October 20, 2025
         New York, New York

                                                    _____Louis L. Stanton_____
                                                          Louis L. Stanton
                                                              U.S.D.J.